Davis, J.
This is a petition in error to reverse the judgment of the circuit court on an appeal from the court of common pleas. The action is in partition, *356 the plaintiffs claiming a share in certain real estate which was devised by their grandfather to the. defendant and his two unmarried sisters, Huldah and' Mary C., and to the survivor or survivors of them. Both sisters died intestate and without issue after the death of the testator and Ms widow. The defendant and his said sisters took under the will and occupied lands described in the petition until the death of the said sisters. The plaintiffs claim by descent from the said sisters, through their mother who died before the will was made. The provisions of the will are as follows:
Item First. I do first give to my wife, Mary M., the use of $4,000.00 during her natural life, and all the movable property she brought with her at the time of her marriage. At her death the said $4,-000.00 is to be divided between my son, Sylvester "W. and my daughters, Huldah and Mary C., share and share alike.
Item Second. I do give and bequeath to the heirs of my daughter Albina, now deceased, $800.00.
Item Third. I do give all the balance of my real and personal estate to my son, Sylvester W., and my daughters, Huldah and Mary C., to be divided equally between them, share and share alike.
Item Fourth. In case of the death of either one or more of the children named in item three, namely, Sylvester W., Huldah and Mary O., the survivor or survivors, shall inherit the property bequeathed to them, both in item one and item three, if more than one survivor, to be divided equally, share and share alike.
The question is: Does the survivorship mentioned' in the fourth itém of the will relate to the time of the death of the testator, or to the time of *357 distribution, or to the time of the death of any of the devisees there named?
In England from an early period to the present time and quite generally in the. United States, a .prevailing rule of construction has been that when the word “survivor” occurs in a will, the survivorship is understood to relate to the time when the will shall take effect, that is, the time of the testator’s death, unless a contrary intent is shown in the will. This is not an arbitrary rule, as counsel for the defendant seem to think. It is based upon clear and satisfactory reasoning. Unless it fairly appears from the will that he does not do so, the testator must be presumed to be contemplating and provide ing for the devolution of his property at the time of his death. Therefore when a testator devises or bequeaths to two or more jointly,, it is understood that the devise or legacy takes effect immediately upon his death, when the estate vests in the devisee, or at the period of payment or distribution, as. the case may be. If the will clearly discloses a different intention as to the time when devises shall vest or legacies be payable, such intention will of course control in the interpretation of the will. It seems conclusively to follow that when a testator provides merely that in case of the death of one or more of the devisees or legatees, the survivor or survivors shall take the provision made in the will, he refers to a survivorship which shall exist at the time a devise of real estate may vest or when a legacy may be payable.
But if a testator provides, for a survivorship on the happening of a contingent event, as “in case of the death of A-without issue,” the survivorship may take effect at or after the testator’s death according *358 to the time of the ■ happening of the contingency. And such a devise will vest a determinable fee in the first takers and on the happening of the contingent event will vest an absolute fee simple in the survivor or survivors, by way of executory devise. Without exception the cases relied upon by the counsel for the defendant are of this class, and are therefore clearly distinguishable from this case. Here' the will provides, in item fourth, that “in case of the death of either one or more of the children named in item three * * * the survivor or survivors shall inherit the property bequeathed to them both in items one and three.” It does not say “in case of the death,” etc., with a specified contingency, as, “without issue,” “without legitimate heirs,” “unmarried,” which would plainly refer the survivorship to the time of the death of the devisees or legatees; but it is merely provided that in case of the death of one or more pf the children named, the survivor or survivors shall take. “In case of death” is equivalent to “if death occurs.” Now there is no “if” or contingency in death. Nothing is more certain to happen; but when will it happen? No man can foretell the time. Hence the defendant insists that the language-of the will must be interpreted as if it read “at the death of,” whenever it may occur. This construction disregards the most obvious canons of criticism and interpretation. It forces and entirely changes the meaning of the language of the testator. His words are “in case of the death.” As the death was absolutely certain, he must have used the contingent form of expression in contemplation of the contingency of death at a certain period. He does not name that point of time; and therefore, for the reasons already stated, *359 he must he presumed to refer to the time from which the will speaks, the time when his bounty takes effect, the time of his own death. It is only when the language of the will manifestly requires a different construction that this rule does not apply.
The construction which we give to this will is supported by a large number of authorities, many of which are cited for the plaintiffs, including Lawrence v. McArter, 10 Ohio, 37, and Sinton v. Boyd, 19 Ohio St., 30.
The interest in the real estate which the two sisters of defendant, Huldah and Mary C., took under the will was an estate in fee simple; and since they died seized thereof, intestate and without issue, it passed by descent to the plaintiffs and defendant as-their heirs and next of kin.
It follows that the judgment of the circuit court is erroneous and therefore it is reversed and judgment is rendered for the plaintiffs as prayed in their petition.

Judgment accordingly.

Spear, C. J., Shauck, Price, Crew and Summers, JJ., concur. .